UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENT BELL,** | Civil Action No. 16-6286 (SDW) |
| **Plaintiff,** | |
| v. | OPINION |
| **CHRISTOPHER S. PORRINO,**[1] | |
| **Defendants.** | |

**WIGENTON**, District Judge:

Currently before this Court is the complaint of Plaintiff, Kent Bell. (ECF No. 1). Also before this Court is Plaintiff's application to proceed *in forma pauperis*. (Document 1 attached to ECF No. 1). Because this Court finds that leave to proceed *in forma pauperis* is authorized in this matter, the Court will grant that application. As this Court will grant Plaintiff *in forma pauperis* status, this Court is required to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim for which relief can be granted.

**I. BACKGROUND**

Plaintiff, Kent Bell, is a state pre-trial detainee currently incarcerated in the Bergen County Jail. (ECF No. 1 at 3). In his complaint, Plaintiff alleges that his prior conviction was

---

[1] Plaintiff spells Defendant's name as Parrino in his complaint, although Defendant's name is actually Christopher Porrino. This Court uses the correct spelling throughout this opinion.

1

reversed and remanded by an order of the New Jersey Appellate Division entered "on or about Dec[ember] 17[,] 2014." (ECF No. 1 at 5). Plaintiff, however, was not transferred back to county jail pending retrial until "March 30[,] 2015." (ECF No. 1 at 4). Plaintiff therefore asserts that his rights were violated when he remained incarcerated in prison rather than at the county jail for the 103 day period between December 17, 2014, and March 30, 2015. (*Id.* at 6). Plaintiff also states that his fellow prison inmates and prison guards levied unspecified "abuse and pressure to do certain things" during this period, which he calls "120 days of Hell." (*Id.*).

Plaintiff names only a single Defendant in this matter, Christopher S. Porrino, the current Attorney General of New Jersey. In support of so naming Mr. Porrino as the sole Defendant in this matter, Plaintiff states that "[b]ecause the Attorney General's Office did not recognize [his] reversal [and] remand of conviction . . . [Plaintiff] was not transferred to county jail until March 30, 2015." (*Id.* at 4). Plaintiff states that this qualifies as gross negligence, and asks the Court to determine it to be such. (*Id.* at 6).

This Court must note that this is not the first time Plaintiff has attempted to raise a claim such as this. In a previously filed civil suit, *Bell v. McGettigan*, Docket No. 16-22, Plaintiff tried to raise this same claim, albeit against another individual he inadvertently thought was the New Jersey Attorney General, the judge in charge of his retrial, the prosecutor's office handling that retrial, and his public defender. (Docket No. 16-22 at ECF No. 1). This Court dismissed that previous complaint on February 3, 2016, for failure to state a claim for which relief could be granted as Plaintiff failed to provide sufficient facts to show that any of the named Defendants were actually responsible for the lack of a transfer. (Docket No. 16-22 at ECF Nos. 3-4).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a state pretrial detainee who is seeking redress from governmental employees who has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff attempts to raise a claim pursuant to 42 U.S.C. § 1983 for a violation of his rights based on the one hundred and three day period following the remand of his criminal case that he remained in prison prior to being returned to pre-trial detention.  "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law."  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]").  "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"  *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).  Here, Plaintiff appears to be attempting to raise a claim that Defendant was "grossly negligent" in failing to have Plaintiff transferred from prison back to county jail immediately upon the reversal and remand of his conviction by the New Jersey courts.  While it is true that a criminal defendant may have a constitutional claim for violations of his Eighth Amendment right to be free of cruel and unusual punishment where he is detained beyond the term authorized by his conviction, *see Montanez v. Thompson*, 603 F.3d 243, 250 (3d

Cir. 2010); *see also Sample v. Diecks*, 885 F.2d 1099, 1107-08 (3d Cir 1989), here Plaintiff does not plead sufficient facts to show that the only named Defendant caused him any such harm.

As this Court explained to Plaintiff in his previous attempt to raise such a claim,

> Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff set forth "a short and plain statement of the claim showing that a pleader is entitled to relief."  While the rule does not required detailed factual allegations, a plaintiff must, to comply with the rule provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A plaintiff must therefore at least "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests" to state a claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).  In order to state a claim under § 1983 or its federal analogue, a plaintiff must "plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Under the statute, supervisors cannot be held liable under vicarious theories of liability, and instead can only be held liable where they had personal involvement in the alleged violations either by "with deliberate indifference to the consequences, establish[ing] and maintain[ing] a policy, practice or custom which directly caused [a] constitutional harm," or "participat[ing] in violating the plaintiff's rights, direct[ing] others to violate them, or, as the person in charge, ha[ving] knowledge of and acquiesce[ing] in his subordinates violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-320 (3d Cir. 2014); *Queer v. Westmoreland Cnty.*, 296 F. App'x 290, 295 (3d Cir. 2008); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

(Docket No. 16-22 at ECF No. 3 at 4-5).

Here, Plaintiff has failed to sufficiently plead a claim for relief against the only named Defendant, New Jersey Attorney General Christopher Porrino.  Plaintiff has not pled any facts showing that the State Attorney General's Office is actually responsible for the transfer of individuals in his position back to county jail.   Even if he had done so, Plaintiff has failed to plead any facts which would indicate that Porrino himself would have been responsible for that

5

transfer order as the State's Attorney General, rather than some underling. Plaintiff has likewise failed to identify any policy or practice put into place by Defendant which resulted in the alleged failed transfer. Plaintiff also characterizes the action taken by Defendant to be "gross negligence," which is well shy of the deliberate indifference necessary to state a claim for relief against a supervisory Defendant. All of these failings prevent Plaintiff from stating a claim for relief against the sole named Defendant here, Christopher Porrino.

An additional factual problem also prevents Plaintiff from making such a claim. Although Christopher Porrino is currently the Attorney General of the State of New Jersey, he did not assume that position until he was sworn in in August 2016. *See, e.g., Biography of the Attorney General*, Office of the Attorney General, http://www.nj.gov/oag/oag/ag_bio.htm (last visited Oct. 12, 2016). Indeed, Porrino was not even nominated for that position until June 2016. *Id.* As Porrino was not the Attorney General during the time period in question, between December 2014 and March 2015, Porrino could not be personally responsible for the alleged wrong Plaintiff alleges he has suffered. Indeed, during that time Porrino was apparently chief counsel to the Christie Administration. *Id.* Thus, Plaintiff has failed to plead sufficient facts to permit the Court to infer that the sole named Defendant, Christopher Porrino, was responsible for the alleged wrongs contained in Plaintiff's complaint, and for this and the reasons discussed above, Plaintiff has failed to state a claim for which relief may be granted and his complaint must be dismissed without prejudice as such.[3]

---

[3] Plaintiff appears to be seeking to sue Porrino in his individual capacity only. To the extent he sought to sue the Attorney General in his official capacity, any such claim would have to be dismissed with prejudice as Plaintiff seeks only money damages. *See, e.g., Love v. New Jersey Dep't of Corr.*, No. 15-3681, 2015 WL 4430353, at * 3 (D.N.J. July 20, 2015) (suit against official in his official capacity is no different than a suit against the entity which employs him, and suit against State government official in his official capacity is therefore essentially a suit against the State, which is barred by § 1983 where a Plaintiff seeks only money damages).

### III. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* shall be GRANTED and Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim for which relief may be granted. An appropriate order follows.


Dated: March 30, 2017                                     *s/ Susan D. Wigenton*

                                                          Hon. Susan D. Wigenton,
                                                          United States District Judge